The judgment of the court was pronounced by
Slidell, J.
This controversy grows out of a seizure made upon a fieri facias against the plaintiff’s husband, of certain slaves which the plaintiff claims as her paraphernal property. She rests her title in part upon a deed of trust executed in Georgia; and at the trial of the cause, offered in evidence a copy of . the deed from the record of conveyances of deeds and mortgages for the county of Hancock, in Georgia, certified in conformity to the act of Congress of 1804, The defendant objected to the admission of the document in evidence, “ on the ground that the certificate of the judge did not state that the instrument so certified would be legal evidence in the State of Georgia, and, consequently, not admissible in the courts of Louisiana; which objection was sustained by the court, and the exemplification rejected ; whereupon plaintiff excepted, &c.” The objection was not sufficient. The statute requires the judge to certify that the attestation of the keeper of the records is in due form, and by the proper officers, but requires no such certificate as is suggested in the bill of tions.
The argument of counsel has been addressed to many questions of law, which we deem premature at the present stage of the proceedings. It is necessary to remand the cause, to enable the plaintiff to introduce the evidence of the title on which she relies.
There is a motion to dismiss this appeal, on the ground that the sheriff is not made a party. There was an injunction, a prayer that he be cited, as well as Scott, the plaintiff in execution, and for damages against both for the alleged wrongful seizure. There is nothing in the record to show a judgment by default against the .sheriff, or an answer by him, or that he was formally a party to the trial. We see no sufficient reason for dismissing the appeal as to Scott.
It is therefore decreed, that the judgment of the district court be reversed, and that this cause be remanded for a new trial, and for further proceedings according to law; the appellee paying the costs of the appeal.